UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA GREEN,<br><br>               Plaintiff,<br><br>   v.<br><br>MERCK CO., INC., and<br>DOES 1 - 25, inclusive,<br><br>               Defendants. | 2:07-CV-01414-GEB-DAD<br><br><u>ORDER TO SHOW CAUSE<br>AND CONTINUING STATUS<br>(PRETRIAL SCHEDULING)<br>CONFERENCE</u> |

        The July 18, 2007, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for October 1, 2007, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1]  No status report was filed as ordered.

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

1

1   The parties are Ordered to Show Cause (OSC) no later than
2 4:00 p.m. on October 30, 2007, why sanctions should not be imposed
3 under Rule 16(f) of the Federal Rules of Civil Procedure against
4 counsel and/or the parties for the failure to file a timely status
5 report, as ordered.  The written response shall state whether the
6 parties' counsel is at fault and whether a hearing is requested on the
7 OSC.[2]  If a hearing is requested, it will be held on November 13,
8 2007, at 9:00 a.m., just prior to the status conference, which is
9 rescheduled to that date.  In accordance with the requirements set
10 forth in the July 18, 2007, Order, the parties are to file a joint
11 status report no later than October 30, 2007.  The joint status report
12 shall also state whether this action will be, or is in the process of
13 being, transferred to any pending multidistrict litigation.  Failure
14 to respond to the OSC could result in dismissal of this action.
15   IT IS SO ORDERED.

September 28, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2]   "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2